**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MAURICE GLENN WILLIS, SR.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-CV-0016-B** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner was convicted of capital murder and sentenced to life in prison. *State of Texas v. Maurice Glenn Willis*, No. 0730283D (372nd Jud. Dist. Ct., Tarrant County, Tex., July 14, 2010). On July 6, 2001, the Second District Court of Appeals affirmed the conviction and sentence. *Willis v. State*, No. 02-00-318-CR (Tex. App. – Fort Worth 2006, no pet.). Petitioner did not file a petition for discretionary review ("PDR").

In this petition filed pursuant to 28 U.S.C. § 2254, Petitioner challenges the state court's denial of his motion for DNA testing. On November 25, 2002, Petitioner filed his first state motion for DNA testing. (2nd Supp. Clerk's Record. at 23.) On October 6, 2004, the trial court denied the motion for DNA testing. (Clerk's Record at 8.) On August 17, 2005, Petitioner filed

a second state motion for DNA testing. (2nd Supp. Clerk's Record at 64.) On February 16, 2006, the trial court dismissed the motion as a subsequent motion. (Clerk's Record at 18.). On September 27, 2007, the Second Court of Appeals affirmed the trial court's denial of Petitioner's second motion for DNA testing. *Willis v. State*, No. 2-06-091-CR (Tex. App. – Fort Worth Sept. 27, 2007). On February 13, 2008, the Court of Criminal Appeals vacated the Second Court of Appeals decision and remanded for further consideration in light of subsequent authority. *Willis v. State*, PDR No. 1741-07. On remand, the Second Court of Appeals again affirmed the denial of Petitioner's motion for DNA testing. *Willis v. State*, No. 2-06-091-CR (Tex. App. – Fort Worth June 12, 2008). Petitioner filed a motion for rehearing. The Second Court of Appeals denied the motion, but withdrew and vacated its preceding decision and substituted a new opinion on July 17, 2008. *Willis v. State*, No. 2-06-091-CR (Tex. App. – Fort Worth July 17, 2008, pet. ref'd). On October 1, 2008, the Court of Criminal Appeals refused Petitioner's PDR. PDR No. 1351-08.

On December 23, 2009, Petitioner filed the instant § 2254 petition. He argues he was denied due process when the state court denied his motion for DNA testing. August 30, 2010, Respondent filed his response arguing, *inter alia*, that the petition is barred by limitations. Petitioner did not file a reply. The Court now determines the petition is time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In this case, Petitioner argues the following items were not tested for DNA: fingernails, tennis shoes, two jackets, a shirt, shorts, boxer shorts, a pillow case and mattress pad, iron, telephone, pager, cartridges, wood club, duffel tennis shoes, rug and a watch. Petitioner has not shown that he was unaware of these items at the time of trial or that these items were not available for DNA testing at the time of trial. The Court will therefore apply the limitations period starting from when the judgment become final after direct appeal or the time for seeking such review expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

On July 6, 2001, the Second District Court of Appeals affirmed the conviction and

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

sentence. Petitioner did not file a PDR. His conviction therefore became final thirty days later, on August 6, 2001. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until August 6, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On November 25, 2002, Petitioner filed his first state motion for DNA testing. This motion was filed after the one-year AEDPA limitations period expired. The motion therefore did not toll the limitations period.

Petitioner was required to file his federal petition by August 6, 2002. He did not file his petition until December 23, 2009. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 10th day of May, 2012.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).